————O————

John G. Beck, Respondent, *vs.* Henry Pollard, Appellant.

1. *Practice, civil—Court—Jury—Instructions.*—Where parties leave the court to find the facts, it is useless to multiply instructions.
2. *Practice, Supreme Court—Evidence—Chancery.*—Generally the Supreme Court has no power to review facts except in chancery cases.

*Appeal from Moniteau Circuit Court.*

*Durham and Sangree,* for Respondent.

*Crandall and Sinnet,* for Appellant.

NAPTON, Judge, delivered the opinion of the court.

This suit was brought by a justice of the peace, to recover eighty-six dollars, on account of some flour sold by the firm of Puckett & Pollard; against Pollard, one of said firm. The plaintiff obtained a judgment and an appeal was taken to the Circuit Court.

The facts about which there was no dispute, seem to have been, that the plaintiff engaged in the business of buying and selling wheat at Dresden, a small town on the Pacific R. R. of about 250 inhabitants; and, living himself in the country, about four miles distant from the town, he made one Schu, his agent, to attend to this business. In 1868, Pollard, the defendant, engaged in the mercantile business in Dresden, in co-partnership with Puckett, under the firm name of Puckett & Pollard. In December of that year the flour referred to in the account was left with said firm, for sale on commission by Schu. This flour was the proceeds of wheat owned by the plaintiff, and his agent Schu was directed to have it ground and the flour sold by some merchant, at a specified price with a commission of 50 cents a sack. It was sold; and this suit brought to recover the amount of the sales minus the commission.

Up to this point, there was no dispute about the facts. The defendant insisted, however, that the proceeds were accounted for by paying drafts drawn by Schu on his individual account; and by a bill of merchandise, he had bought of the firm; and further, that upon the proposed dissolution of the firm, they had sent for Schu and offered to pay him in money for the flour, but that he preferred transferring the claim to Pollard, the defendant, who had bought out Puckett, and that in this way the debt for the flour was extinguished. The plaintiff claimed that the firm of Puckett & Pollard well understood that the flour was his, and did not belong to Schu, and of course they could not extinguish the debt by any allowance to Schu

on his individual indebtedness. And this was really the point in dispute. It was a question of fact for a jury or for the court, if the parties chose to waive a jury.

It is useless, in our view of the case, to state the evidence. Three or four witnesses clearly proved that the defendant knew the flour belonged to plaintiff and not to Schu. About as many witnesses testified to the contrary. It was a question of credibility and probability inferential from the facts. The only question we can examine is as to the propriety of the instructions—or rather the declarations of law—which the court made as governing the case. The court refused to declare the law as asked by plaintiff, that if the agent or factor, used the flour to pay his individual debts to defendant, Pollard, whether the said Pollard was informed of the relations existing between Beck and Schu, or not, the plaintiff was entitled to recover; but declared the law to be, that if defendant, his partner or employer was aware of the fact that the flour belonged to plaintiff, the plaintiff was entitled to recover. And this instruction given and the one refused embrace the point really in the case; and surely the one given cannot be objected to.

There were other instructions given on the abstract relations of principal and agent, and there were several refused which were perfectly unnecessary where a case is left to the court as a jury. The instructions refused are doubtless correct law; but the court regarded them as inapplicable to the facts proved. They might have been given, but on the finding of the court they became useless. And where parties leave the court to find the facts, it is useless to multiply instructions. The instructions refused, merely lead to the conclusion that the court sitting as a jury, did not consider that the hypothetical facts on which they were based were sustained by the evidence. And this court has no power of review of a finding of facts, except in chancery cases. It is useless to cite cases to prove that a factor cannot pay off a debt to his principal by procuring its extinguishment through his individual indebtedness, when his relation to his princi-

pal is fully known and understood by the parties to the transaction.

Judgment affirmed; the other judges concur.